UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

EMILY WREDT, )
On behalf of E.E. (a minor), )
    Plaintiff, )
) Case No. 4:12-CV-77
v. ) (MATTICE/CARTER)
)
CAROLYN W. COLVIN, )
Commissioner of Social Security, )
    Defendant. )

REPORT AND RECOMMENDATION

This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner denying the plaintiff supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, and 1382.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a Report and Recommendation regarding the disposition of:

(1)    The plaintiff's Motion for Judgment on the Pleadings (Doc. 15), and

(2)    The defendant's Motion for Summary Judgment (Doc. 17)

For the reasons stated herein, I RECOMMEND the decision of the Commissioner be AFFIRMED.

Plaintiff's Age, Education, Past Relevant Work Experience, and Alleged Disability

Claimant was nine years of age on the date of the ALJ's decision (Tr. 10, 108, 153). Plaintiff alleged Claimant was disabled due to oppositional defiant disorder (ODD), attention deficit hyperactivity disorder (ADHD), and post-traumatic stress disorder (PTSD) (Tr. 157).

### Application for Benefits and Findings

Plaintiff, Claimant's mother, protectively filed an application for Child's Supplemental Security Income (Child's SSI) on Claimant's behalf on January 22, 2009 (Tr. 108, 153). After a hearing, an administrative law judge (ALJ) issued a decision on April 22, 2011, denying Claimant's application (Tr. 10, 33). The Appeals Council denied Plaintiff's request for review on September 28, 2012 (Tr. 1). Plaintiff has exhausted her administrative remedies, and this case is ripe for review under 42 U.S.C. §§ 405(g) & 1383(c)(3).

### Disability Determination

The law establishes a three-step sequential evaluation process to determine whether a child is disabled (20 C.F.R. § 416.924). First if a child is engaged in substantial gainful activity, he/she is not disabled. Second, the child's impairments must be "severe." Finally, the child's impairments must either meet, medically equal, or functionally equal in severity a listed impairment contained in the Listing of Impairments 20 C.F.R. § 416.924(a)-(d). The ALJ used the three-step sequential evaluation process for evaluating Child's SSI claims to determine whether Claimant was disabled or not disabled (Tr. 14-16). At step one, the ALJ found Claimant had not engaged in substantial gainful activity since January 22, 2009, the date of her application (Tr. 16). At step two, the ALJ found Claimant had severe impairments of ADHD, ODD, a mood disorder, and PTSD (Tr. 16). At the third and final step, the ALJ found Claimant did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled the listings and, therefore, was not disabled (Tr. 16-26)..

### Standard of Review - Findings of ALJ

When reviewing the Commissioner's determination of whether an individual is disabled

2

pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure

3

mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547. On review, Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

As the basis of the administrative decision that the Claimant was not disabled, the ALJ made the following findings:

1. The claimant was born on December 29, 2001. Therefore, she was a school-age child on January 22, 2009, the date application was filed, and is currently a school-age child (20 CFR 416.926a(g)(2)).

2. The claimant has not engaged in substantial gainful activity since January 22, 2009, the application date (20 CFR 416.924(b) and 416.971 *et seq.*).

3. The claimant has the following severe impairments: attention deficit hyperactivity disorder (ADHD), oppositional defiant disorder (ODD), a mood disorder, and post-traumatic stress disorder (PTSD) (20 CFR 416.924(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR

4

416.924, 416.925 and 416.926).

5. The claimant does not have an impairment or combination of impairments that functionally equals the listings (20 CFR 416.924(d) and 416.926(a)).

6. The claimant has not been disabled, as defined in the Social Security Act, since January 22, 2009, the date the application was filed (20 CFR 416.924(a)).

Tr. 16-26.

## Issues Raised

(1) Whether substantial evidence supports the Administrative Law Judge's finding that Plaintiff's Impairments did not meet, medically equal, or functionally equal the Listings.

(2) Whether evidence submitted to the Appeals Council warrants remand for further administrative consideration.

## Analysis

A claimant under the age of eighteen is disabled for the purposes of Child's SSI if the claimant has a medically determinable physical or mental impairment that "results in marked and severe functional limitations," and that can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(C)(i); see 20 C.F.R. § 416.906. The regulations define "marked and severe functional limitations" as "a level of severity that meets, medically equals, or functionally equals the listings." 20 C.F.R. § 416.902; see 20 C.F.R. §§ 416.906, 416.924(a); see also 20 C.F.R. pt. 404, subpt. P, app. 1 (the Listing of Impairments). As discussed by the ALJ, the Commissioner has developed a three-step sequential evaluation process for determining whether a child is disabled or not disabled for purposes of Child's SSI (Tr. 14-16). See 20 C.F.R. § 416.924(a)-(d).

5

The process requires the claimant (or in this case, her mother) to show: (1) she is not working; (2) she has a "severe" impairment or combination of impairments; and (3) her impairment or combination of impairments is of listing-level severity, that is, her impairment(s) meets or medically equals the severity of a set of criteria for an impairment in the listings or functionally equals the listings (Tr. 14-16). See id.

If a child claimant is not working and has a severe impairment, the fact finder must determine if the child's impairment(s) meets or medically equals an impairment in the listings (Tr. 14). See id. If the child's impairment(s) does not meet or medically equal a listed impairment, the fact finder then must determine if the child's impairment(s) is functionally equivalent to the listings (Tr. 14). See 20 C.F.R. §§ 416.924(d), 416.926a. In assessing functional equivalence, the fact finder considers the child's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for herself; and (6) health and physical well-being (Tr. 14). See 20 C.F.R. § 416.926a(b)(1). For the child's impairment(s) to functionally equal the listings, the child's impairment(s) must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain (Tr. 14). See 20 C.F.R. § 416.926a(a), (d). A claimant has a "marked" limitation in a domain when her impairment(s) interferes "seriously" with her ability to independently initiate, sustain, or complete activities (Tr. 15). See 20 C.F.R. § 416.926a(e)(2). A claimant has an "extreme" limitation in a domain when her impairment(s) interferes "very seriously" with her ability to independently initiate, sustain, or complete activities (Tr. 15-16). See 20 C.F.R. § 416.926a(e)(3).

6

In accordance with the sequential evaluation process, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since January 22, 2009, the date Plaintiff filed Claimant's application (Tr. 16). See 20 C.F.R. § 416.924(b). At step two, the ALJ found Claimant had severe impairments of ADHD, ODD, a mood disorder, and PTSD (Tr. 16). See 20 C.F.R. § 416.924(c). At the third and final step, the ALJ found Claimant did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled the listings and was not disabled (Tr. 17). See 20 C.F.R. § 416.924(d). Regarding the issue of functional equivalence, the ALJ found Claimant had no limitation in the domains of acquiring and using information, moving and manipulating objects, caring for herself, and health and physical well-being; less than marked limitation in the domain of attending and completing tasks; and marked limitation in the domain of interacting and relating to others (Tr. 21-26). See 20 C.F.R. §§ 416.924(d), 416.926a(b)(1). Because Claimant did not have marked limitations in two domains or an extreme limitation in one domain, the ALJ concluded Claimant's impairments did not functionally equal a listing (Tr. 16, 26). See 20 C.F.R. § 416.926a(a). As can be seen from the detailed review of the record in the ALJ's decision, substantial evidence supports the ALJ's findings and his conclusion that Claimant was not disabled.

*The Listings Argument:*

Plaintiff argues the evidence before the ALJ established that Claimant's impairments met or medically equaled section 112.11 of the Listing of Impairments (Listing 112.11), which concerns ADHD. (Plaintiff's Memorandum, p. 10.) See 20 C.F.R. pt. 404, subpt. P., app. 1, § 112.11 (Listing 112.11). Plaintiff, however, failed to cite to particular evidence to support her argument other than the opinion of Dr. Emch which evidence was not before the ALJ at the

7

administrative hearing. When a claimant alleges her impairments meet or medically equal a listed impairment, she must present specific medical findings that satisfy all of the criteria of the particular listing. See 20 C.F.R. §§ 416.924(d), 416.925, 416.926; Sullivan v. Zebley, 493 U.S. 521, 530-32 (1990); Foster, 279 F.3d at 353. "For a claimant to show that [her] impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Zebley, 493 U.S. at 530. "For a claimant to qualify for benefits by showing that [her] unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, [s]he must present medical findings equal in severity to all the criteria for the one most similar impairment." Id. at 531. "A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of [her] unlisted impairment or combination of impairments is as severe as that of a listed impairment." Id.

Plaintiff failed to meet her burden of proving Claimant's impairments met or equaled Listing 112.11. Although Claimant was diagnosed with ADHD, a diagnoses alone does not establish that a claimant's impairments meet or medically equal a listed impairment. See 20 C.F.R. § 416.925(d); see also Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis [of a condition], of course, says nothing about the severity of the condition."). Plaintiff failed to cite evidence showing that Claimant's impairments met or medically equaled the criteria of Listing 112.11, and the record, as thoroughly discussed by the ALJ, does not include medical or other evidence proving that Claimant's impairments met or medically equaled Listing 112.11 (Tr. 17-21, 191-257, 260-61, 263-573). As the Commissioner argues, Claimant may have occasionally exhibited inattention, impulsiveness, or hyperactivity, but the record does

8

not include medical evidence documenting marked inattention, impulsiveness, and hyperactivity as required by subsection A of Listing 112.11, particularly for any consecutive twelve-month period (Tr. 191-220, 227-51, 260-61, 263-573). See 20 C.F.R. pt 404, subpt. P, app. 1, § 112.11A; 20 C.F.R. §§ 416.905(a), 416.909, 416.924(d)(1); see also Barnhart v. Walton, 535 U.S. 212, 217 (2002) (holding claimant's impairments and inability to work must last for continuous period of at least twelve months). The medical records do not establish that Claimant had marked functional limitations as required by subsection B of Listing 112.11, particularly for any consecutive twelve-month period (Tr. 191-220, 227-51, 260-61, 263-573). See 20 C.F.R. pt 404, subpt. P, app. 1, §§ 112.02B2, 112.11B; 20 C.F.R. §§ 416.905(a), 416.909, 416.924(d)(1); see also Walton, 535 U.S. at 217. Plaintiff simply failed to meet her burden of proving that Claimant's impairments met or medically equaled the criteria of Listing 112.11. See 20 C.F.R. pt 404, subpt. P, app. 1, §§ 112.02B2, 112.11; Zebley, 493 U.S. at 530-31; Foster, 279 F.3d at 353.

Despite the lack of evidence that Claimant could have met or medically equaled Listing 112.11, Plaintiff argues the ALJ was required to specifically discuss Listing 112.11. (Pl.'s Mem. 11.) As discussed by the ALJ and Plaintiff's attorney at the hearing, Plaintiff's theory of the case was that Claimant's impairments functionally equaled the listings, not that her impairments met or medically equaled a listed impairment (Tr. 51). Plaintiff's attorney also did not mention Listing 112.11 in his pre-hearing memorandum to the ALJ (Tr. 185-86). It appears the ALJ was not on notice that Listing 112.11 was an issue in Claimant's case. In addition, two State Agency Physicians, Horace Edward, Ph.D. and Andrew Phay, reviewed the records in August 2009 and February 2010 and opined Claimant did not meet or equal the Listings. Given

9

the lack of notice, the lack of evidence that Claimant's impairments met or medically equaled Listing 112.11 and the contrary opinions of the State Agency Physicians, the ALJ was not required to specifically discuss Listing 112.11. See, e.g., Malone v. Comm'r of Soc. Sec., 507 F. App'x 470, 472 (6th Cir. 2012) (rejecting claimant's argument that ALJ had to specifically discuss listing, noting claimant did not argue he had a listed impairment at his hearing and ALJ expressly found claimant did not have an impairment or combination of impairments that was equal or equivalent to any listed impairment); Walker v. Barnhart, 72 F. App'x 355, 356-57 (6th Cir. 2003) (where claimant did not claim impairments met or medically equaled listing and sole issue presented to ALJ by counsel at hearing was whether claimant's impairments functionally equaled listing, claimant not entitled to award of disability under listing). Plaintiff simply failed to meet her burden of proving Claimant's impairments met or medically equaled Listing 112.11.

Plaintiff also argues the ALJ should have obtained testimony from a medical expert to determine medical equivalency. (Pl.'s Br. 11-12.) As noted above, Plaintiff did not put the ALJ on notice that Listing 112.11 was at issue, and the record, as discussed by the ALJ, does not indicate Claimant's impairments could have medically equaled Listing 112.11 or any other listed impairment (Tr. 17-21). Deciding medical equivalence is an issue reserved for the Commissioner, and in cases that proceed to the hearing level, the responsibility for deciding whether a claimant's impairments equal the criteria of a listed impairment rests with the ALJ. See 20 C.F.R. §§ 416.926(e), 416.927(d)(2). Because Plaintiff failed to present evidence that Claimant's impairments could have met or medically equaled a listed impairment, I conclude the ALJ was not obligated to obtain medical expert testimony and he did not abuse his discretion in

10

declining to do so.   See Smith v. Comm'r of Soc. Sec., 473 F. App'x 443, 445 (6th Cir. 2012); Foster, 279 F.3d at 355-56; Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990).

Plaintiff argues Social Security Ruling (SSR) 96-6p required the ALJ to obtain medical expert testimony regarding medical equivalence.   (Plaintiff's Memorandum at pp. 11-12.) I disagree. SSR 96-6p requires the ALJ to obtain an updated medical opinion from a medical expert only when in the opinion of the ALJ the additional medical evidence may change the findings of the State agency medical or psychological consultants that the claimant's impairments were not equivalent in severity to a listed impairment.   See SSR 96-6p, 61 Fed. Reg. 34,466-01 (July 2, 1996).   Horace Edwards, Ph.D., and Andrew Phay, Ph.D., the State agency psychological consultants, evaluated the evidence in August 2009 and February 2010, respectively, thus ensuring that a physician or psychologist considered the issue of medical equivalence (Tr. 221-26, 252-57).   See id.; Hicks v. Comm'r of Soc. Sec., 105 F. App'x 757, 762 (6th Cir. 2004).   The evidence from after February 2010, as discussed by the ALJ, does not provide a reasonable basis for finding that Claimant's impairments met or medically equaled the listings and, therefore, the ALJ had no reason to obtain the testimony of a medical expert.   See SSR 96-6p; Hicks, 105 F. App'x at 762; Foster, 279 F.3d at 355-56; Moon, 923 F.2d at 1183.   I conclude substantial evidence supports the ALJ's finding that Claimant's impairments did not meet, medically equal, or functionally equal the listings and his conclusion that Claimant was not disabled.

11

*Remand under Sentence 6:*

Plaintiff next argues this Court should remand Claimant's case under sentence six of 42 U.S.C. § 405(g) based on evidence submitted to the Appeals Council (Plaintiff's Memorandum at pp. 9-11.) The Appeals Council considered the additional evidence, but declined Plaintiff's request for review (Tr. 1-5). A court may consider evidence submitted to the Appeals Council only to determine whether the evidence satisfies the criteria for remand under sentence six of 42 U.S.C. § 405(g). See Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 276 (6th Cir. 2010); Foster, 279 F.3d at 357. Evidence submitted after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review. See Foster, 279 F.3d at 357. To obtain a remand under sentence six of 42 U.S.C. § 405(g), a claimant must show that the evidence submitted to the Appeals Council is new and material and that she had good cause for not presenting the evidence to the ALJ. See Ferguson, 628 F.3d at 276; Foster, 279 F.3d at 357.

Plaintiff contends an opinion from Douglas Emch, M.D., requires remand under sentence six of 42 U.S.C. § 405(g). (Pl.'s Mem. 9-11.) The Commissioner argues Plaintiff failed to show that Dr. Emch's opinion is material or that she had good cause for not obtaining and submitting an opinion from Dr. Emch to the ALJ and for reasons that follow, I agree.

To show that evidence submitted to the Appeals Council is material, a claimant must show that there is a reasonable probability that the ALJ would have reached a different decision if presented with the new evidence. See Ferguson, 628 F.3d at 276; Foster, 279 F.3d at 357. Plaintiff failed to show that Dr. Emch's opinion could reasonably have been expected to change the ALJ's decision that Claimant's impairments did not meet, medically equal, or functionally equal a listed impairment.

12

Plaintiff argues Dr. Emch's opinion is material because he opined that Claimant's impairments met Listing 112.11 and the ALJ did not address Listing 112.11 (Plaintiff's Memorandum at p. 10). I also agree with the Commissioner that Plaintiff failed to show that a reasonable probability exists that an ALJ would accept Dr. Emch's opinion. As discussed above, Plaintiff did not put the ALJ on notice that Listing 112.11 was at issue. Further, Dr. Emch's opinion concerns an issue reserved for the Commissioner. Opinions on some issues, such as whether a claimant is disabled or whether a claimant's impairments meet or medically equal a listed impairment, "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 416.297(d); see SSR 96-5p, 61 Fed. Reg. 34,471-01 (July 2, 1996); Dunlap v. Comm'r of Soc. Sec., No. 11-5633, 2012 WL 6700319, at *3 (6th Cir. Dec. 27, 2012); Bass v. McMahon, 499 F.3d 506, 511 (6th Cir. 2007). Opinions on issues reserved for the Commissioner "even when offered by a treating source, . . . can never be entitled to controlling weight or be given special significance." SSR 96-5p; see 20 C.F.R. § 416.927(d)(3); Bass, 499 F.3d at 511. "Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." SSR 96-5p.

Dr. Emch failed to present objective medical findings or other evidence to support his opinion, and his opinion is inconsistent with the record as a whole. See 20 C.F.R. § 416.927(c)(3), (c)(4); Walters, 127 F.3d at 529-30; Bogle, 998 F.2d at 347-48. Dr. Emch listed

13

Claimant's diagnoses, but as noted previously, diagnoses do not establish that a claimant's impairments meet or medically equal a listed impairment (Tr. 576). See 20 C.F.R. § 416.925(d); see also Higgs, 880 F.2d at 863. Neither Dr. Emch nor Plaintiff cited evidence that Claimant had marked inattention, impulsiveness, and hyperactivity as required by subsection A of Listing 112.11, nor did Dr. Emch or Plaintiff cite evidence that Claimant's impairments met or medically equaled the criteria in subsection B of Listing 112.11. See 20 C.F.R. pt 404, subpt. P, app. 1, §§ 112.02B2, 112.11; Zebley, 493 U.S. at 530-31; Foster, 279 F.3d at 353. The records from the doctors and medical professionals who examined and treated Claimant do not indicate she had marked inattention, impulsiveness, and hyperactivity or marked functional limitations, particularly for any consecutive twelve-month period (Tr. 215-20, 227-51, 260-61, 263-573). See 20 C.F.R. §§ 416.905(a), 416.909, 416.924(d)(1); see also Walton, 535 U.S. at 217. Dr. Edwards and Dr. Phay, the State agency psychological consultants who reviewed the record in August 2009 and February 2010, respectively, also did not find that Claimant's impairments met a listed impairment (Tr. 221-26, 252-57). Those opinions directly contradict the opinion of Dr. Emch. Given the evidence in the record, I conclude Dr. Emch's opinion does not raise a reasonable probability that the ALJ would have reached a different decision if presented with Dr. Emch's opinion. See Ferguson, 628 F.3d at 276; Foster, 279 F.3d at 357. Thus, Dr. Emch's opinion is not material and does not warrant remand.

Plaintiff also failed to provide good cause for not obtaining and submitting Dr. Emch's opinion to the ALJ. "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." Foster, 279 F.3d at 357; see Ferguson, 628 F.3d at 277; Cline, 96 F.3d at 149. Plaintiff contends

14

she had good cause for not obtaining and submitting an opinion from Dr. Emch because he did not start treating Claimant until February 2011 and the ALJ issued his opinion shortly after the hearing on April 13, 2011. (Pl.'s Mem. 10.) Plaintiff failed to explain why she could not have obtained and submitted an opinion from Dr. Emch during the two months before the hearing. As the Commissioner argues, if Plaintiff had already requested an opinion from Dr. Emch at the time of the hearing, either she or her attorney could have advised the ALJ that they were waiting for Dr. Emch to return the form, but they did not mention any such request to Dr. Emch at the hearing or ask the ALJ for time to obtain Dr. Emch's opinion. Moreover, Plaintiff failed to explain why she could not have obtained and submitted an opinion from another doctor at Centerstone, where Claimant had received treatment since October 2009. Thus I conclude Plaintiff failed to show that she had good cause for not presenting an opinion from Dr. Emch to the ALJ. Because Plaintiff failed to show Dr. Emch's opinion was material or that she had good cause for not obtaining and submitting Dr. Emch's opinion to the ALJ, Dr. Emch's opinion does not warrant remand under sentence six of 42 U.S.C. § 405(g).

## Conclusion

Having carefully reviewed the administrative record and the briefs of the parties filed in support of their respective motions, I conclude there is substantial evidence in the record to support the findings of the ALJ and the decision of the Commissioner denying the plaintiff's application for benefits. Accordingly, I RECOMMEND:

(1) The plaintiff's motion for judgment on the pleadings (Doc. 15) be DENIED;

(2) The defendant's motion for summary judgment (Doc. 17) be GRANTED;

15

(3) A judgment be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure AFFIRMING the Commissioner's decision which denied benefits to the plaintiff; and,

(4) This action be DISMISSED. [1]

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file of objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 149, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).